# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO FERRARA, *Plaintiff* v. DELAWARE COUNTY, et. al, *Defendants* | Case No. 2:18-cv-05157-JDW |

## MEMORANDUM

This Motion raises the question of whether Plaintiff's Amended Complaint complies with the Court's Order dated June 21, 2019, dismissing Plaintiff's Complaint in part and ordering a more definite statement in part. (ECF Nos. 7, 8) The Court will strike Count IV of the Amended Complaint, which Plaintiff never should have included in the first place. However, the Court will deny the Motion as to Count II because that count does provide detail to permit a response.

## I. BACKGROUND

Ferrara's claims arise out of an alleged assault that occurred while he was incarcerated at the George W. Hill Correctional Facility. (ECF No. 11.) On November 29, 2016, Ferrara claims that he was asked to undergo a strip search and that, during the course of the search, Correctional Officer G. Moore struck him multiple times in the face. Ferrara claims that other Correctional Officers, including Correctional Officers Fakolee and Motley, did not intervene. As a result, Ferrara suffered various injuries, including a fractured nose.

Ferrara filed suit on November 29, 2018. In his Complaint, he asserted a claim under 28 U.S.C. § 1983 against Correctional Officer Moore, "Supplemental Claims" against the Correctional Officer Defendants, bystander liability claims under Section 1983 against the Correctional Officers, a claim for municipal liability under Section 1983 against Defendants Delaware County, Community

Education Centers, Inc. ("CEC"), and The Geo Group, Inc. ("Geo"), and "Supplemental Claims" on a theory of *respondeat superior* against Delaware County, CEC, Geo, and Warden David Byrne. Defendants moved to dismiss all counts, or in the alternative, for a more definite statement with respect to Counts II (supplemental claims against the Correctional Officers), III (bystanders liability), and V (*respondeat superior*). (ECF No. 5.) Judge Joyner granted that Motion in part. He dismissed with prejudice the *Monell* claim in Count IV, noting that "determining whether Plaintiff brings a discrimination or due process claim is left to a guessing game." (ECF No. 7.) He also granted the motion for a more definite statement as to Count II and ordered that Ferrara amend his claims of discrimination and civil conspiracy "consistent with Fed. R. Civ. P. Rule 8(a), specifying the causes of actions it pursues and any supporting factual allegations."

On July 16, 2019, Ferrara filed an Amended Complaint. (ECF No. 11.) In Count II of the Amended Complaint, Ferrara has added two additional paragraphs as a result of the Court's ruling. Paragraph 36 states "The correctional officer defendants agreed and acted with a common purpose to do the above unlawful acts and with an intent to harm Mr. Ferrara." Paragraph 38 states "The correctional officer defendants' conduct, as described above, constituted an actionable civil conspiracy under Pennsylvania law." In addition, Ferrara again includes in the Amended Complaint Count IV, asserting a claim for municipal liability under *Monell*, even though the Court dismissed that count.

Now, Defendants move to strike Counts II and IV, arguing that 1) the Amended Complaint does not clarify the specific causes of action for the discrimination and conspiracy claims in Count II as instructed by the Court in its memorandum, and 2) the Amended Complaint still contains a *Monell* claim in Count IV in defiance of the Court's Order. (ECF No. 12.) Defendants alternatively move for a more definite statement of Count II.

## II. ANALYSIS

### A. Legal Standards

Federal Rule of Civil Procedure 12(e) permits a defendant to move for a more definite statement "[i]f a pleading … is so vague or ambiguous that a party cannot reasonable be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "The basis for granting such a motion is unintelligibility, not lack of detail." *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quote omitted). A Rule 12(e) motion "shall point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017) (*quoting McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002)). Striking a pleading or a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Id.* (*quoting DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D. Pa. 2007)).

### B. Count II

Count II of the Complaint remains something of a jumble. It makes reference to discrimination in Paragraph 33. It discusses violations of constitutional rights and Pennsylvania law. It also uses the label "Supplemental Claims" but does not include a defined cause of action as a label. However, Paragraph 38 states that the conduct "constituted an actionable civil conspiracy under Pennsylvania law." This conclusion provides just enough detail to demonstrate that Plaintiff intends to assert a claim for civil conspiracy. Such a claim is consistent with Plaintiff's label "Supplemental Claims," which the Court assumes was an inartful reference to the idea that the claims arise under the Court's

3

supplemental jurisdiction pursuant to 28 U.S.C. § 1367. It is also consistent with Plaintiff's Opposition to the Motion, in which Plaintiff tells the Court that is the claim he intends to assert.

In their Motion, Defendants complain that Count II "continues to be difficult to understand, appears to jumble several claims together, fails to delineate between possible states claims and constitutional claims, and thus is so ambiguous that the Defendants cannot adequately file an appropriate response." The Court sympathizes with Defendants' argument and agrees that Count II is not a model of clarity. However, in the Court's view, Paragraph 38 informs the rest of Count II, and Defendants can and should read Count II as a civil conspiracy claim under Pennsylvania law under that paragraph. With that reading, there is enough information to prepare a response, and Defendants will have the opportunity in discovery to gain more clarity about the factual predicates for this claim.

**C.     Count IV**

The Court dismissed Ferrara's municipal liability claims in Count IV of the Complaint with prejudice. It is therefore the law of the case that the claim is not viable, and Ferrara has no good faith basis upon which to assert such a claim. In his Opposition to this Motion, Ferrara argues that he is permitted to continue to assert Count IV because he wants to preserve his right to appeal the Court's order of dismissal.

Ferrara's argument makes no sense and reflects a fundamental misunderstanding of federal practice. Under 28 U.S.C. § 1291, the Court of Appeals will, at the end of this case, have jurisdiction to hear appeals of all orders issued in this case. Indeed, that is the reason that Fed. R. App. P. 3(c) requires parties to specify the "judgement, order, or part thereof being appealed." If there is an appeal at the end of the action, Ferrara will therefore have the opportunity to specify the Court's dismissal of Count IV as one of the orders being appealed. However, he does not have the right to continue to assert that claim in his Amended Complaint. Indeed, given the Court's

prior ruling, it is unclear how Ferrara's counsel could sign a pleading asserting such a claim under Rule 11. Accordingly, the Court will strike Count IV from the Amended Complaint.

## III. CONCLUSION

For the above-stated reasons, the Court will strike Count IV of the Amended Complaint. The Court will deny the Motion as to Count II of the Amended Complaint. An appropriate order will follow.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: October 2, 2019